UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

Case No. 14-CV-80487-Middlebrooks/Brannon

RAYMOND AKIKI and JUDITH AKIKI,

    Plaintiffs,

v.

BANKUNITED, N.A., a/k/a BANKUNITED
FSB and BANKUNITED, INC.,

    Defendants.
_____/

**DEFENDANTS' ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

    Defendants BankUnited, N.A., named herein incorrectly as having an a/k/a of BankUnited FSB, and BankUnited, Inc. (together with BankUnited, N.A., referred to collectively herein as the "Defendants"), by and through their undersigned attorneys, submits this Answer with Affirmative Defenses and Counterclaim to the Complaint and Demand for Jury Trial ("Complaint") of Plaintiffs Raymond Akiki and Judith Akiki (collectively "Plaintiffs"), and respond as follows:

    1.    Defendants lack sufficient knowledge or information to form an opinion as to the truth of the matter asserted in paragraph "1" of the Complaint.

    2.    Defendants deny the allegations contained in paragraph "2" of the Complaint, except admit that Defendant BankUnited, N.A. is a national banking association which conducts business at 7815 NW 148 Street, Miami Lakes, Florida 33016 and BankUnited, Inc. is the bank holding company of BankUnited, N.A.

    3.    Defendants deny the allegations contained in paragraph "3" of the Complaint.

    4.    Defendants deny the allegations contained in paragraph "4" of the Complaint.

5. Defendants deny the allegations contained in paragraph "5" of the Complaint.

6. Defendants deny the allegations contained in paragraph "6" of the Complaint.

7. Defendants deny the allegations contained in paragraph "7" of the Complaint.

8. Defendants deny the allegations contained in paragraph "8" of the Complaint.

9. Defendants deny the allegations contained in paragraph "9" of the Complaint, except admit that Plaintiff Raymond Akiki executed and delivered to BankUnited, F.S.B. an Adjustable Rate Note dated February 14, 2007 (the "Note"), Plaintiffs Raymond Akiki and Judith Akiki executed and delivered to BankUnited, F.S.B. a Deed of Trust dated February 14, 2007 (the "Deed of Trust") and respectfully refer the Court to those documents for their complete terms.

10. Defendants deny the allegations contained in paragraph "10" of the Complaint.

11. Deny the allegations contained in paragraph "11" of the Complaint.

12. Deny the allegations contained in paragraph "12" of the Complaint.

13. Deny the allegations contained in paragraph "13" of the Complaint.

14. Deny the allegations contained in paragraph "14" of the Complaint.

15. Deny the allegations contained in paragraph "15" of the Complaint.

16. Deny the allegations contained in paragraph "16" of the Complaint.

17. Deny the allegations contained in paragraph "17" of the Complaint.

18. Deny the allegations contained in paragraph "18" of the Complaint.

19. Deny the allegations contained in paragraph "19" of the Complaint.

20. Deny the allegations contained in paragraph "20" of the Complaint.

21. Deny the allegations contained in paragraph "21" of the Complaint.

## AFFIRMATIVE DEFENSES

22. Defendants, by and through their undersigned attorneys, submit the following affirmative defenses to the Complaint, and allege as follows:

### First Affirmative Defense

23. This Court lacks subject matter jurisdiction as the claims alleged are not governed by 12 U.S.C. § 632.

### Second Affirmative Defense

24. Plaintiffs have failed to name Federal Deposit Insurance Corporation as Receiver for BankUnited, F.S.B., who is a necessary party to this action.

### Third Affirmative Defense

25. Plaintiffs' claims are barred by documentary evidence.

## COUNTERCLAIM

26. Defendants repeat, reallege, reaffirm and reincorporate their responses to paragraphs "1" through "25" of the Complaint as if fully set forth hereat.

27. Plaintiffs agreed to pay the reasonable attorneys' fees and costs of the lender in connection with certain legal proceedings, which include the instant action, as set forth in the Deed of Trust.

28. On or about May 21, 2009, BankUnited FSB was seized by the Office of Thrift Supervision and placed into receivership with the Federal Deposit Insurance Corporation ("FDIC") and, on that same day, the FDIC, as Receiver, sold, assigned, transferred, and conveyed to BankUnited all right, title and interest of the FDIC, as Receiver, in the Note and Deed of Trust.

29. On or about February 29, 2012, BankUnited became a national banking association and, as a result, changed its name to BankUnited, N.A.

30. As a result of the foregoing assignment of the Note and Deed of Trust to BankUnited, N.A., and by virtue of Plaintiffs' agreement to pay the lender's reasonable attorneys' fees and costs, BankUnited, N.A. is entitled to its reasonable attorneys' fees and costs incurred in connection with this legal proceeding, in an amount to be determined at trial.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiffs as follows:

(i) Dismissing the Complaint in its entirety;

(ii) On the Counterclaim, awarding Defendant BankUnited, N.A. judgment for its attorneys' fees and costs incurred in connection with this action in an amount to be determined at trial; and

(iii) Together with such additional relief as this Court deems just and proper.

**LAZER, APTHEKER, ROSELLA & YEDID, P.C.**

Dated: May 27, 2014   By:   /s/ Joseph C. Savino
Joseph C. Savino (savino@larypc.com)
Fla. Bar No.: 86564
Stephen Abeyta, (abeyta@larypc.com)
Fla. Bar No.: 88519
*Attorneys for Defendants BankUnited, N.A. and BankUnited, Inc.*
525 Okeechobee Blvd, Suite 1670
West Palm Beach, Florida 33401
Tel. (561) 899-0222

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 27, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

/s/ Joseph C. Savino
Joseph C. Savino